Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Chiesi USA, Inc. and Chiesi Farmaceutici S.p.A.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHIESI USA, INC. and CHIESI FARMACEUTICI S.P.A.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ZYDUS LIFESCIENCES GLOBAL FZE and ZYDUS PHARMACEUTICALS (USA) INC.,**<br><br>**Defendants.** | **Civil Action No. __________________**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiffs Chiesi USA, Inc. ("Chiesi USA") and Chiesi Farmaceutici S.p.A. ("Chiesi Farmaceutici") (collectively, "Chiesi" or "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendants Zydus Lifesciences Global FZE ("Zydus FZE") and Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") (collectively, "Zydus" or "Defendants"), allege as follows:

## Nature of the Action

1. This is a civil action for infringement of United States Patent Nos. 8,658,676 (the "'676 patent"), 10,010,537 (the "'537 patent"), and 11,103,490 (the "'490 patent") (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 100 et seq. This

action arises from Zydus's submission of Abbreviated New Drug Application ("ANDA") No. 219831 ("Zydus's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of Plaintiffs' CLEVIPREX® (clevidipine) injectable emulsion prior to the expiration of the Patents-in-Suit. Copies of the '676, '537, and '490 patents are attached as Exhibits A, B, and C, respectively.

## The Parties

2. Chiesi USA is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 175 Regency Woods Place, Suite 600, Cary, North Carolina 27518. Chiesi USA is a wholly owned subsidiary of Chiesi Farmaceutici.

3. Chiesi USA is the holder of New Drug Application ("NDA") No. 022156, which FDA approved for the manufacture and sale of CLEVIPREX® (clevidipine) injectable emulsion.

4. Chiesi Farmaceutici is a corporation organized and existing under the laws of Italy, having its principal place of business at Via Palermo, 26/A, 43122 Parma, Italy.

5. Chiesi Farmaceutici is the owner and assignee of all right, title, and interest in each of the Patents-in-Suit.

6. On information and belief, Zydus FZE is a company organized and existing under the laws of the United Arab Emirates, having its principal place of business at FZJO B2601, Jebel Ali Free Zone, Dubai, United Arab Emirates.

7. On information and belief, Zydus FZE was incorporated in the Jebel Ali Free Zone in February 2024 as a wholly owned subsidiary of Zydus Lifesciences Limited ("Zydus Lifesciences"), a corporation organized and existing under the laws of India, having its principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382 481, India.

8. On information and belief, Zydus USA is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

9. On information and belief, Zydus USA is a wholly owned subsidiary of Zydus Lifesciences. The letterhead on which Zydus transmitted the Notice Letter (defined below) identifies Zydus USA as "[a] wholly owned subsidiary of Zydus Lifesciences Limited."

10. On information and belief, Zydus FZE is in the business of, among other things, seeking FDA approval for and commercializing pharmaceutical products for sale in the United States. On information and belief, Zydus FZE has submitted ANDAs to FDA other than Zydus's ANDA, including ANDAs that have been the subject of patent infringement actions in this Judicial District. *See, e.g.*, *Shionogi Inc. v. Zydus Pharms. (USA) Inc.*, No. 26-6619 (D.N.J.); *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE*, No. 25-12188 (D.N.J.).

11. On information and belief, Zydus USA is in the business of, among other things, developing, manufacturing, importing, marketing, distributing, offering for sale, and selling generic pharmaceutical products throughout the United States, including in New Jersey. Zydus USA's website states that Zydus is "a leading generic pharmaceutical company in the US" and that "[t]he company currently offers more than 500 SKUs to the US market."[1] Zydus USA's website further states that "Zydus Pharmaceuticals (USA) Inc. is the US generic drug division of a much larger company known as Zydus Lifesciences."[2]

---

[1] "Dedicated to Life," available at https://zydususa.com/; "Overview," available at https://zydususa.com/overview/ (last visited November 4, 2026).

[2] "Providing outstanding service & high-quality, affordable generics," available at https://zydususa.com/ (last visited November 4, 2026).

12. On information and belief, Zydus USA acts as the U.S. agent for Zydus FZE with respect to Zydus's ANDA. The Notice Letter states that Zydus FZE provided notice of its Paragraph IV certifications "through Zydus Pharmaceuticals (USA) Inc.," identifies Zydus USA's Pennington, New Jersey address, and was signed by Zydus USA's Chief Legal Officer "[o]n behalf of Zydus Lifesciences Global FZE."

13. On information and belief, Zydus FZE and Zydus USA work in privity and/or in concert with one another, and with Zydus Lifesciences and its other subsidiaries, with respect to the regulatory approval, manufacture, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products throughout the United States, including in New Jersey. On information and belief, Zydus USA acts at the direction, and for the benefit, of Zydus Lifesciences and its subsidiaries, including Zydus FZE, and Defendants act, operate, and/or hold themselves out to the public as a single integrated business.

14. On information and belief, Zydus FZE and Zydus USA each actively participated in the preparation and submission of Zydus's ANDA, and, if Zydus's ANDA is approved, Zydus FZE and Zydus USA will work in privity and/or in concert with one another to manufacture, import, market, distribute, offer for sale, and sell Zydus's ANDA Product (defined below) throughout the United States, including in New Jersey.

15. On information and belief, Defendants derive substantial revenue, directly or indirectly, from the sale of generic pharmaceutical products throughout the United States, including in New Jersey. Zydus Lifesciences' Integrated Annual Report (2025-26) reports that

Zydus is the third-largest generic company in the United States by prescription volume and identifies Zydus USA as a material subsidiary of Zydus Lifesciences.[3]

**Jurisdiction and Venue**

16. This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over Zydus USA. On information and belief, Zydus USA is incorporated in New Jersey and maintains its principal place of business in New Jersey, and it is therefore at home in New Jersey. On information and belief, Zydus USA is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0100915422, and is registered with the State of New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5003171. On information and belief, Zydus USA has conducted, and continues to conduct, continuous and systematic business in this Judicial District.

18. This Court also has personal jurisdiction over Zydus USA because, on information and belief, Zydus USA, from New Jersey, participated in the preparation and submission of Zydus's ANDA, acted as Zydus FZE's U.S. agent with respect to Zydus's ANDA, and transmitted the Notice Letter to Chiesi, and because Zydus USA intends, upon approval of Zydus's ANDA, to market, distribute, offer for sale, and sell Zydus's ANDA Product in New Jersey.

---

[3] Zydus Lifesciences Ltd. Integrated Annual Report (2025-26) at 11, 178, 191, available at https://www.zyduslife.com/investor/admin/uploads/14/2/2025-2026.pdf (last visited November 4, 2026).

19. This Court has personal jurisdiction over Zydus FZE. On information and belief, Zydus FZE submitted Zydus's ANDA for the purpose of obtaining FDA approval to market Zydus's ANDA Product throughout the United States, including in New Jersey, and, upon approval, intends to market, distribute, and sell Zydus's ANDA Product in New Jersey, including through its affiliate Zydus USA, which is located in Pennington, New Jersey. The Notice Letter states that Zydus FZE provided notice of its Paragraph IV certifications "through Zydus Pharmaceuticals (USA) Inc.," identifies Zydus USA's Pennington, New Jersey address, and was signed by Zydus USA's Chief Legal Officer "[o]n behalf of Zydus Lifesciences Global FZE." On information and belief, Zydus USA acts as Zydus FZE's U.S. agent with respect to Zydus's ANDA, and acts at Zydus FZE's direction and for its benefit.

20. On information and belief, if Zydus's ANDA is approved, Zydus's ANDA Product will be marketed, distributed, offered for sale, and sold in New Jersey, prescribed by physicians practicing in New Jersey, and administered to patients in New Jersey, causing foreseeable harm and injury to Chiesi. Zydus's submission of Zydus's ANDA is an act of infringement under 35 U.S.C. § 271(e)(2) that will lead to that harm.

21. Zydus FZE and Zydus USA have each been sued in this Judicial District in prior patent infringement actions, have not contested personal jurisdiction in those actions, and have availed themselves of the legal protections of this Court, including by asserting counterclaims. *See, e.g.*, *Shionogi Inc. v. Zydus Pharms. (USA) Inc.*, No. 26-6619 (D.N.J.); *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE*, No. 25-12188 (D.N.J.); *Chemocentryx, Inc. v. Zydus Pharms. (USA) Inc.*, No. 26-556 (D.N.J.); *AstraZeneca Pharms. LP v. Zydus Pharms. (USA) Inc.*, No. 24-10629 (D.N.J.).

22. Zydus USA has further availed itself of this Court by initiating litigation in this Judicial District. *See, e.g., Zydus Pharms. (USA) Inc. v. Novartis Pharms. Corp.*, No. 19-21259 (D.N.J.); *Zydus Pharms. (USA) Inc. v. Gilead Scis., Inc.*, No. 14-7080 (D.N.J.); *Zydus Pharms. (USA) Inc. v. Eli Lilly & Co.*, No. 10-5584 (D.N.J.).

23. In the alternative, this Court has personal jurisdiction over Zydus FZE under Federal Rule of Civil Procedure 4(k)(2) because (a) Chiesi's claims arise under federal law; (b) Zydus FZE is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Zydus FZE has sufficient contacts with the United States as a whole, including by preparing and submitting Zydus's ANDA and other ANDAs to FDA seeking approval to market generic pharmaceutical products throughout the United States, such that this Court's exercise of jurisdiction over Zydus FZE satisfies due process.

24. Venue is proper in this Judicial District as to Zydus USA under 28 U.S.C. § 1400(b). On information and belief, Zydus USA is incorporated in New Jersey and therefore resides in this Judicial District. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). In addition, on information and belief, Zydus USA maintains a regular and established place of business in this Judicial District at 73 Route 31 North, Pennington, New Jersey 08534, and has committed acts of infringement in this Judicial District, including acts related to the submission of Zydus's ANDA. *See Valeant Pharms. N. Am. LLC v. Mylan Pharms. Inc.*, 978 F.3d 1374, 1375 (Fed. Cir. 2020).

25. Venue is proper in this Judicial District as to Zydus FZE under 28 U.S.C. § 1391(c)(3) because, on information and belief, Zydus FZE is a foreign entity not resident in the United States, and may therefore be sued in any judicial district. *In re HTC Corp.*, 889 F.3d

1349, 1354–61 (Fed. Cir. 2018); *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972).

**The CLEVIPREX® Drug Product**

26. CLEVIPREX® (clevidipine) injectable emulsion is approved under NDA No. 022156 in 25 mg/50 mL and 50 mg/100 mL presentations. CLEVIPREX® is indicated for the reduction of blood pressure when oral therapy is not feasible or not desirable.

**The Patents-in-Suit**

27. The ’676 patent, titled “Clevidipine Emulsion Formulations Containing Antimicrobial Agents,” was duly and legally issued by the U.S. Patent and Trademark Office on February 25, 2014, to The Medicines Company on assignment from inventors Rajeshwar Motheram and Gregory Charles Williams. Subsequently, the Medicines Company assigned the ’676 patent to Chiesi Farmaceutici S.p.A.

28. The ’537 patent, titled “Clevidipine Emulsion Formulations Containing Antimicrobial Agents,” was duly and legally issued by the U.S. Patent and Trademark Office on July 3, 2018, to The Medicines Company on assignment from inventors Rajeshwar Motheram and Gregory Charles Williams. Subsequently, The Medicines Company assigned the ’537 patent to Chiesi Farmaceutici S.p.A.

29. The ’490 patent, titled “Clevidipine Emulsion Formulations Containing Antimicrobial Agents,” was duly and legally issued by the U.S. Patent and Trademark Office on August 31, 2021, to The Medicines Company on assignment from inventors Rajeshwar Motheram and Gregory Charles Williams. Subsequently, The Medicines Company assigned the ’490 patent to Chiesi Farmaceutici S.p.A.

30. Chiesi Farmaceutici is, and has been at all times since before the submission of Zydus’s ANDA, the owner of all right, title, and interest in each of the Patents-in-Suit.

31. The claims of the Patents-in-Suit cover, *inter alia*, pharmaceutical formulations comprising clevidipine.

32. Pursuant to 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, each of the Patents-in-Suit is listed in FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") in connection with CLEVIPREX®. The Orange Book lists October 10, 2031, as the expiration date of each of the Patents-in-Suit.

**Zydus's ANDA and Notice Letter**

33. On information and belief, Zydus submitted Zydus's ANDA to FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of clevidipine injectable emulsion, 25 mg/50 mL (0.5 mg/mL) and 50 mg/100 mL (0.5 mg/mL) ("Zydus's ANDA Product"), before the expiration of the Patents-in-Suit.

34. On information and belief, Zydus's ANDA identifies CLEVIPREX® as the reference listed drug for Zydus's ANDA Product, and Zydus's ANDA Product is intended to be a generic version of CLEVIPREX®.

35. By letter dated September 22, 2026 (the "Notice Letter"), Zydus FZE, through Zydus USA, notified Chiesi that Zydus's ANDA contains certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certifications") that, in Zydus's opinion, the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of Zydus's ANDA Product.

36. The Notice Letter purports to provide notice pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95. Zydus sent the Notice Letter by FedEx to Chiesi USA in Cary, North Carolina, and to Chiesi Farmaceutici in Parma, Italy. Chiesi received the Notice Letter on or about September 22, 2026.

37. The Notice Letter states that FDA has received Zydus's ANDA, that FDA has designated it ANDA No. 219831, and that Zydus received FDA's Paragraph IV acknowledgment letter for Zydus's ANDA on September 18, 2026.

38. The Notice Letter states that Zydus seeks approval of Zydus's ANDA to engage in the commercial manufacture, use, and/or sale of Zydus's ANDA Product before the expiration of the Patents-in-Suit.

39. Under 21 U.S.C. § 355(j)(2)(B)(iv)(II), a notice of Paragraph IV certification must "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." Under 21 C.F.R. § 314.95(c)(7), that detailed statement must include, "[f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed," and, "[f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."

40. On information and belief, Zydus's ANDA Product meets each limitation of at least one claim of each of the Patents-in-Suit, either literally or under the doctrine of equivalents. To the extent that Zydus's ANDA Product does not literally meet any claim limitation, on information and belief it contains one or more ingredients that perform substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed subject matter, and the differences between Zydus's ANDA Product and the claimed subject matter are insubstantial.

41. Zydus has had knowledge of each of the Patents-in-Suit since at least the date on which Zydus submitted its Paragraph IV Certifications to FDA, and in any event no later than the date of the Notice Letter.

42. This action is being commenced within forty-five days of Chiesi's receipt of the Notice Letter. *See* 21 U.S.C. § 355(j)(5)(B)(iii).

**Count I: Infringement of U.S. Patent No. 8,658,676**

43. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

44. Zydus's submission of Zydus's ANDA with a Paragraph IV Certification to the '676 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '676 patent constitutes infringement of one or more claims of the '676 patent, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271(e)(2)(A).

45. On information and belief, upon FDA approval of Zydus's ANDA, Zydus will commercially manufacture, use, offer to sell, and/or sell Zydus's ANDA Product within the United States, and/or import Zydus's ANDA Product into the United States, and will thereby directly infringe one or more claims of the '676 patent, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271(a), unless enjoined by this Court.

46. On information and belief, upon FDA approval of Zydus's ANDA, Zydus will actively induce infringement of one or more claims of the '676 patent under 35 U.S.C. § 271(b), unless enjoined by this Court. On information and belief, Zydus's ANDA Product, and the proposed labeling for it, will instruct and encourage physicians, pharmacists, other healthcare providers, and patients to use Zydus's ANDA Product, which use will directly infringe one or more claims of the '676 patent. On information and belief, Zydus will take these actions with knowledge of the '676 patent and with the specific intent to encourage that infringement.

47. On information and belief, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '676 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Zydus knows that Zydus's ANDA Product is especially made or adapted for use in a manner that infringes the '676 patent, and that Zydus's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.

48. There is a justiciable controversy between the parties hereto as to infringement of the '676 patent.

49. Plaintiffs will be substantially and irreparably harmed if Zydus's infringement of the '676 patent is not enjoined. Plaintiffs do not have an adequate remedy at law.

50. This case is exceptional, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**Count II: Infringement of U.S. Patent No. 10,010,537**

51. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

52. Zydus's submission of Zydus's ANDA with a Paragraph IV Certification to the '537 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '537 patent constitutes infringement of one or more claims of the '537 patent, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271(e)(2)(A).

53. On information and belief, upon FDA approval of Zydus's ANDA, Zydus will commercially manufacture, use, offer to sell, and/or sell Zydus's ANDA Product within the United States, and/or import Zydus's ANDA Product into the United States, and will thereby

directly infringe one or more claims of the ’537 patent, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271(a), unless enjoined by this Court.

54. On information and belief, upon FDA approval of Zydus’s ANDA, Zydus will actively induce infringement of one or more claims of the ’537 patent under 35 U.S.C. § 271(b), unless enjoined by this Court. On information and belief, Zydus’s ANDA Product, and the proposed labeling for it, will instruct and encourage physicians, pharmacists, other healthcare providers, and patients to use Zydus’s ANDA Product, which use will directly infringe one or more claims of the ’537 patent. On information and belief, Zydus will take these actions with knowledge of the ’537 patent and with the specific intent to encourage that infringement.

55. On information and belief, upon FDA approval of Zydus’s ANDA, Zydus will contributorily infringe one or more claims of the ’537 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Zydus knows that Zydus’s ANDA Product is especially made or adapted for use in a manner that infringes the ’537 patent, and that Zydus’s ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.

56. There is a justiciable controversy between the parties hereto as to infringement of the ’537 patent.

57. Plaintiffs will be substantially and irreparably harmed if Zydus’s infringement of the ’537 patent is not enjoined. Plaintiffs do not have an adequate remedy at law.

58. This case is exceptional, and Plaintiffs are entitled to an award of their reasonable attorneys’ fees under 35 U.S.C. § 285.

**Count III: Infringement of U.S. Patent No. 11,103,490**

59. Plaintiffs repeat and reallege each of the foregoing paragraphs as if fully set forth herein.

60. Zydus's submission of Zydus's ANDA with a Paragraph IV Certification to the '490 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the '490 patent constitutes infringement of one or more claims of the '490 patent, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271(e)(2)(A).

61. On information and belief, upon FDA approval of Zydus's ANDA, Zydus will commercially manufacture, use, offer to sell, and/or sell Zydus's ANDA Product within the United States, and/or import Zydus's ANDA Product into the United States, and will thereby directly infringe one or more claims of the '490 patent, literally and/or under the doctrine of equivalents, under 35 U.S.C. § 271(a), unless enjoined by this Court.

62. On information and belief, upon FDA approval of Zydus's ANDA, Zydus will actively induce infringement of one or more claims of the '490 patent under 35 U.S.C. § 271(b), unless enjoined by this Court. On information and belief, Zydus's ANDA Product, and the proposed labeling for it, will instruct and encourage physicians, pharmacists, other healthcare providers, and patients to use Zydus's ANDA Product, which use will directly infringe one or more claims of the '490 patent. On information and belief, Zydus will take these actions with knowledge of the '490 patent and with the specific intent to encourage that infringement.

63. On information and belief, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '490 patent under 35 U.S.C. § 271(c), unless enjoined by this Court. On information and belief, Zydus knows that Zydus's ANDA Product is

especially made or adapted for use in a manner that infringes the ’490 patent, and that Zydus’s ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.

64. There is a justiciable controversy between the parties hereto as to infringement of the ’490 patent.

65. Plaintiffs will be substantially and irreparably harmed if Zydus’s infringement of the ’490 patent is not enjoined. Plaintiffs do not have an adequate remedy at law.

66. This case is exceptional, and Plaintiffs are entitled to an award of their reasonable attorneys’ fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants and grant the following relief:

(A) A Judgment that Zydus has infringed one or more claims of each of the Patents-in-Suit under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 219831 with Paragraph IV Certifications to FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus’s ANDA Product before the expiration of the Patents-in-Suit;

(B) A Judgment under 35 U.S.C. § 271(a), (b), and/or (c) that Zydus’s commercial manufacture, use, offer for sale, sale, and/or importation of Zydus’s ANDA Product before the expiration of the Patents-in-Suit would infringe, induce infringement of, and/or contribute to the infringement of one or more claims of each of the Patents-in-Suit;

(C) An Order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 219831 shall be a date that is not earlier than the latest expiration date of

the Patents-in-Suit, including any extensions, adjustments, and additional periods of exclusivity to which Plaintiffs are or become entitled;

(D) An Order under 35 U.S.C. §§ 271(e)(4)(B) and 283 preliminarily and permanently enjoining Zydus, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Zydus's ANDA Product, and from inducing or contributing to any of the foregoing, until the expiration of the Patents-in-Suit, including any extensions, adjustments, and additional periods of exclusivity to which Plaintiffs are or become entitled;

(E) If Zydus engages in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the Patents-in-Suit, a Judgment under 35 U.S.C. §§ 271(e)(4)(C) and 284 awarding Plaintiffs damages or other monetary relief, together with pre-judgment and post-judgment interest;

(F) If Zydus engages in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product before the expiration of the Patents-in-Suit, a Judgment that such infringement is willful and an award of enhanced damages under 35 U.S.C. § 284;

(G) A Judgment that the Patents-in-Suit are valid and enforceable;

(H) A Judgment that this is an exceptional case under 35 U.S.C. § 285 and an award to Plaintiffs of their reasonable attorneys' fees;

(I) An award to Plaintiffs of their costs and expenses in this action; and

(J) Such other and further relief as the Court may deem just and proper.

Dated: November 4, 2026

By: s/ Charles M. Lizza

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs Chiesi USA, Inc. and Chiesi Farmaceutici S.p.A.*

*Of Counsel*:

F. Dominic Cerrito
Angus Chen
Andrew S. Chalson
Frank C. Calvosa
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
(212) 849-7000

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, Plaintiffs, by their undersigned counsel, hereby certify that this matter is related to *Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*, No. 3:19-cv-18756 (ZNQ)(LHG) (D.N.J.) (case closed Aug. 30, 2022), which involved the same reference listed drug and two of the same patents.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: November 4, 2026

By: s/ Charles M.. Lizza
Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs Chiesi USA, Inc. and Chiesi Farmaceutici S.p.A.*

*Of Counsel*:

F. Dominic Cerrito
Angus Chen
Andrew S. Chalson
Frank C. Calvosa
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
(212) 849-7000